# EXHIBIT A

SUPERIOR COURT OF WASHINGTON FOR COWLITZ COUNTY

| | |
|---|---|
| SONDRA SAMPSON, a Washington resident,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MATTRESS FIRM, INC., a Delaware Corporation, DSI LOGISTICS, LLC, a Delaware Limited Liability Company, DEDICATED TRANSPORTATION, LLC, an Oregon Limited Liability Company, VALERY MUKHIN, a resident of the State of Oregon, JOHN DOE NO.1 and JOHN DOE NO. 2,<br><br>　　　　　Defendants. | No.<br><br>FIRST AMENDED COMPLAINT |

COMES NOW the Plaintiff Sondra Sampson and makes her claims against Defendants as follows:

**A. Parties, Jurisdiction, and Venue**

1.1　Sondra Sampson is a resident of Cowlitz County, Washington.

1.2　Defendant Mattress Firm, Inc., is a Delaware corporation doing business in Cowlitz County, Washington.

1.3　Defendant DSI Logistics, LLC, is a Delaware limited liability company doing business in Cowlitz County, Washington.

1.4　Defendant Dedicated Transportation, LLC, is an Oregon limited liability company doing business in Cowlitz County, Washington.

PAGE 1 OF FIRST AMENDED COMPLAINT



Walstead Mertsching PS
Civic Center Building, Third Floor
1700 Hudson Street
PO Box 1549
Longview, Washington 98632-7934
(360) 423-5220

1.5     Defendant Valery Mukhin is the sole member of Dedicated Transportation, LLC, and a resident of the state of Oregon.

1.6     Defendants John Doe No.1 and John Doe No.2 are unidentified agents of Defendant Dedicated Transportation, LLC.

1.7     This action concerns tortious conduct occurring in Cowlitz County, Washington.

1.8     This court has jurisdiction over the parties and venue lies in Cowlitz County, Washington.

**B.  Statement of Claim**

2.1     On December 31, 2018, Plaintiff Sampson purchased an adjustable bed from Defendant Mattress Firm in Longview, Washington.

2.2     As part of the purchase, Plaintiff Sampson paid Defendant Mattress Firm $99.99 to deliver the bed and other items that she had purchased to her home in Longview, Washington.

2.3     Defendant Mattress firm agreed to deliver the bed to Plaintiff at her home in Longview, Washington.

2.4     As part of the delivery, Defendant Mattress Firm offered a delivery tracking service at "Mattressfirm.com/track" on the first page of its invoice.

2.5     The invoice provided to Plaintiff at the time of purchase also made reference to "Mattress Firm's delivery drivers" and "Mattress Firm's drivers."

2.6     At no time did Defendant Mattress Firm disclose that the bed would be delivered by any entity other than Defendant Mattress Firm.

2.7     At no time did Plaintiff consent to the bed being delivered by any entity other than Defendant Mattress Firm.

2.8     Defendant Mattress Firm contracted with Defendant DSI Logistics, LLC, to deliver the bed to Plaintiff.

2.9     Defendant Mattress Firm did not notify Plaintiff that it had contracted with Defendant DSI to deliver the bed to her.

///

PAGE 2 OF FIRST AMENDED COMPLAINT

Walstead Mertsching PS
Civic Center Building, Third Floor
1700 Hudson Street
PO Box 1549
Longview, Washington 98632-7934
(360) 423-5220

2.10 Defendant DSI did not notify Plaintiff that it had contracted with Defendant Mattress Firm to deliver the bed to her.

2.11 Plaintiff did not consent to Defendant DSI delivering the bed in place of Defendant Mattress Firm.

2.12 Defendant DSI subcontracted Defendant Dedicated Transportation, LLC, to deliver the bed to Plaintiff.

2.13 Defendant Mattress firm did not notify Plaintiff that Defendant DSI had subcontracted with Defendant Dedicated Transportation to deliver the bed.

2.14 Defendant DSI did not notify Plaintiff that it had subcontracted with Defendant Dedicated Transportation to deliver the bed.

2.15 Defendant Dedicated Transportation did not notify Plaintiff that it had contracted with Defendant DSI to deliver the bed.

2.16 Plaintiff did not consent to Defendant Dedicated Transportation delivering the bed in place of Defendant Mattress Firm.

2.17 On January 9, 2019, John Doe No.1 and John No.2, as agents of Defendant Dedicated Transportation, delivered the bed to Plaintiff's home in Longview, Washington.

2.18 As John Doe No.1 and John Doe No.2 walked past the Plaintiff carrying the bed, they lost control of the bed, causing it to strike Plaintiff in the head.

2.19 Defendant Dedicated Transportation, LLC, had been administratively dissolved by the State of Oregon prior to delivering the bed to Plaintiff.

2.20 Defendant Dedicated Transportation, LLC, qualified for reinstatement under ORS 63.654 at the time it delivered the bed to Plaintiff.

2.21 Defendant Dedicated Transportation, LLC, qualified for reinstatement under ORS 63.654 at the time this action was commented.

///

///

PAGE 3 OF FIRST AMENDED COMPLAINT

**Walstead Mertsching PS**
Civic Center Building, Third Floor
1700 Hudson Street
PO Box 1549
Longview, Washington 98632-7934
(360) 423-5220

### C. First Cause of Action – Negligence (John Doe No.1 and John Doe No.2)

3.1 Defendants John Doe No.1 and John Doe No.2 negligently mishandled the bed, causing it to strike Plaintiff.

3.2 Plaintiff suffered physical injury as the proximate result of Defendants' negligence.

3.3 Defendants are liable to Plaintiff for general and special damages in an amount to be determined at trial.

### D. Second Cause of Action – Negligence (Dedicated Transportation)

4.1 Defendants John Doe No.1 and John Doe No.2 were acting within the scope of their employment with Dedicated Transportation at the time they negligently struck Plaintiff with the bed.

4.2 Defendant Dedicated Transportation is vicariously liable for the actions of John Doe. No.1 and John Doe No.1.

4.3 Defendants are liable to Plaintiff for general and special damages in an amount to be determined at trial.

### E. Third Cause of Action – Negligent Hiring/Entrustment (DSI Logistics)

5.1 Defendants John Doe No.1 and John Doe No.2 were incompetent, unprofessional, and a threat to the safety of homeowners to whom they were delivering furniture.

5.2 Defendant DSI was aware of the danger that Defendants John Doe No.1 and John Doe No.2 posed to homeowners to whom they had delivered and would deliver furniture.

5.3 In the alternative, Defendant DSI, prior to contracting with Defendant Dedicated Transportation, took no measures to determine the level of competence, professionalism, and safety of Defendant Dedicated Transportation agents.

5.4 Defendant DSI negligently contracted with Defendant Dedicated Transportation to deliver Plaintiff's bed.

5.5 But for the negligence of Defendant DSI, Plaintiff would not have been struck in the head and suffered injury.

PAGE 4 OF FIRST AMENDED COMPLAINT

Walstead Mertsching PS
Civic Center Building, Third Floor
1700 Hudson Street
PO Box 1549
Longview, Washington 98632-7934
(360) 423-5220

5.6    Defendants are liable to Plaintiff for general and special damages in an amount to be determined at trial.

F.    **Fourth Cause of Action – Breach of Contract (Mattress Firm)**

6.1    Defendant Mattress Firm contracted with Plaintiff to deliver the bed with "Mattress Firm drivers."

6.2    Mattress firm, without Plaintiff's consent, contracted with Defendant DSI Logistics to deliver, or have a DSI Logistics subcontractor, deliver Plaintiff's bed.

6.3    Defendant Mattress Firm breached its contract with Plaintiff.

6.4    As the proximate result of Defendant Mattress Firm's breach of contract, Plaintiff suffered general and special damages in an amount to be determined at trial.

G.    **Fifth Cause of Action – Negligence (Mattress Firm)**

7.1    Defendant Mattress Firm contracted with Plaintiff to deliver the bed with "Mattress Firm drivers."

7.2    Defendant Mattress Firm, without Plaintiff's consent, contracted with Defendant DSI Logistics to deliver, or have a DSI Logistics subcontractor, deliver Plaintiff's bed.

7.3    Defendant Mattress Firm took no measures to ensure that people who would ultimately deliver Plaintiff's bed, be they agents or subcontractors of Defendant DSI Logistics, were competent, professional, and otherwise not a threat to the safety of Plaintiff as they delivered the furniture.

7.4    In the alternative, Defendant Mattress Firm knew or should have known that Defendant DSI Logistics would send movers to Plaintiff's home that were incompetent, unprofessional, and a threat to her safety.

7.5    Defendants John Doe No.1 and John Doe No.2, who delivered Plaintiff's bed in the stead of "Mattress Firm drivers," were incompetent, unprofessional, and a threat to Plaintiff's safety.

7.6    Defendant Mattress Firm was negligent.

7.7    As the proximate result of Defendant Mattress Firm's negligence, Plaintiff suffered general

PAGE 5 OF FIRST AMENDED COMPLAINT

**Walstead Mertsching PS**
Civic Center Building, Third Floor
1700 Hudson Street
PO Box 1549
Longview, Washington 98632-7934
(360) 423-5220

and special damages in an amount to be determined at trial.

H. **Sixth Cause of Action – Vicarious Liability (DSI)**

8.1 Defendant DSI is vicariously liable for the negligence of John Doe No.1, John Doe No.2, and Dedicated Transportation.

8.2 Defendants are liable to Plaintiff for general and special damages in an amount to be determined at trial.

I. **Seventh Cause of Action – Vicarious Liability (Mattress Firm)**

9.1 Defendant Mattress Firm is vicariously liable for the negligence of John Doe. No.1, John Doe No.2, and Dedicated Transportation.

9.2 Defendant Mattress Firm is vicariously liable for the negligence of DSI Logistics.

9.3 Defendants are liable to Plaintiff for general and special damages in an amount to be determined at trial.

J. **Eighth Cause of Action – Vicarious Liability (Valery Mukhin)**

10.1 To the extent Defendant Dedicated Transportation, LLC, is found to be not subject to judgment due to administrative dissolution, Defendant Valery Mukhin, as a de facto sole proprietor, is personally liable for the negligence of John Doe 1 and John Doe 2.

10.2 Defendants are liable to Plaintiff for general and special damages in an amount to be determined at trial.

K. **Damages**

11.1 As a proximate result of being struck by the bed, Plaintiff suffered physical injuries.

11.2 As a proximate result of being struck by the bed, Plaintiff suffered injuries to her neck.

11.3 As a proximate result of being struck by the bed, Plaintiff suffered a concussion.

11.4 As a proximate result of being struck by the bed, Plaintiff suffered a mild traumatic brain injury.

11.5 As a proximate result of her mild traumatic brain injury, Plaintiff was and is unable to perform her duties as a teacher.

PAGE 6 OF FIRST AMENDED COMPLAINT

**Walstead Mertsching PS**
Civic Center Building, Third Floor
1700 Hudson Street
PO Box 1549
Longview, Washington 98632-7934
(360) 423-5220

1  11.6   As a proximate result of Defendants' negligence, Plaintiff has incurred special damages
2  including medical expenses, lost wages past and future, and future loss of retirement benefits in an
3  amount to be determined at trial.
4  11.7   As a proximate result of Defendants' negligence, Plaintiff has incurred general damages in
5  an amount to be determined at trial.
6       **HAVING STATED** her claim, Plaintiff prays for judgment against all defendants in an
7  amount that fairly compensates her for her general and special damages plus statutory costs and
8  attorney fees as provided by law.
9       Dated this 9th day of October 2021.

MATTHEW J. ANDERSEN, WSBA #30052
Of Attorneys for Plaintiff

PAGE 7 OF FIRST AMENDED COMPLAINT

Walstead Mertsching PS
Civic Center Building, Third Floor
1700 Hudson Street
PO Box 1549
Longview, Washington 98632-7934
(360) 423-5220

SUPERIOR COURT OF WASHINGTON FOR COWLITZ COUNTY

| | |
|---|---|
| SONDRA SAMPSON, a Washington resident,<br><br>Plaintiff,<br><br>v.<br><br>MATTRESS FIRM, INC., a Delaware Corporation, DSI Logistics, LLC, a Delaware Limited Liability Company, DEDICATED TRANSPORTATION, LLC, an Oregon Limited Liability Company, VALERY MUKHIN, a resident of the State of Oregon, JOHN DOE NO.1 and JOHN DOE NO. 2,<br><br>Defendants. | No.<br><br>CERTIFICATE OF SERVICE |

The undersigned states:  On this day, I caused a true and correct copy of FIRST AMENDED COMPLAINT to be served upon the person(s) listed below at their respective address and/or fax number as follows:

[ X ]  by **mail** by depositing same, in a properly addressed and postage paid envelope, with the United States Postal Service

United States Corporation Agents, Inc.
Registered Agent for Dedicated Transportation, LLC
2951 NW Division Street, Suite 100
Gresham, OR  97030

Legalinc Corporate Services, Inc.
Registered Agent for DSI Logistics, Inc.
14205 SE 36th Street
Bellevue, WA  98006

CT Corporation System
Registered Agent for Mattress Firm, Inc.
711 Capitol Way S, Suite 204
Olympia, WA  98501

PAGE 1 OF CERTIFICATE OF SERVICE

**Walstead Mertsching PS**
Civic Center Building, Third Floor
1700 Hudson Street
PO Box 1549
Longview, Washington 98632-7934
(360) 423-5220

I hereby certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED this ___9th___ day of November 2021, at Longview, Washington.

KARA L. COPE

PAGE 2 OF CERTIFICATE OF SERVICE

**Walstead Mertsching PS**
Civic Center Building, Third Floor
1700 Hudson Street
PO Box 1549
Longview, Washington 98632-7934
(360) 423-5220