UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SONDRA SAMPSON,

          Plaintiff,

  v.

MATTRESS FIRM, INC., et al.,

          Defendants.

CASE NO. C22-5455 BHS

ORDER

This matter comes before the Court on Plaintiff Sondra Sampson's Motion to Remand. Dkt. 6. Sampson contends that Mattress Firm, Inc., and DSI Logistics, LLC, did not timely file their motion to remove and failed to obtain the consent of another defendant, Dedicated Transportation, LLC. *Id.* Sampson also requests an award of attorneys' fees. *Id.* at 2. Because Mattress Firm and DSI did not obtain Dedicated Transportation's consent, the Court remands the action to Cowlitz County Superior Court. However, the Court declines to award Sampson attorneys' fees.

## I. BACKGROUND

In November 2021, Sampson sued Mattress Firm, DSI, Dedicated Transportation, and John Does 1 and 2 (two unnamed agents of Dedicated Transportation) in Cowlitz County Superior Court, alleging that they were liable to her for injuries that she sustained to her head after John Does 1 and 2 lost control of a bed that they were delivering to her home. Dkt. 7 at 5–6. Sampson advanced seven causes of action against these defendants: three claims of negligence against John Does 1 and 2, Dedicated Transportation, and Mattress Firm; a claim of negligent hiring/entrustment against DSI; a claim of breach of contract against Mattress Firm; and two claims of vicarious liability against DSI and Mattress Firm. *Id.* at 7–9. She subsequently amended her complaint, adding Valery Mukhin (Dedicated Transportation's sole proprietor) as a defendant and alleging that she was vicariously liable for Dedicated Transportation's negligence. Dkt. 7 at 19, 24.

On May 20, 2022, Sampson served Mattress Firm and DSI with her statement of damages, indicating for the first time that her damages exceeded $75,000. *See* Dkt. 2, Ex. C. On June 21, 2022, Mattress Firm and DSI removed the case to federal court. Dkt. 1.

Sampson seeks remand, arguing that Mattress Firm and DSI's removal was untimely and that it was done without the consent of defendant Dedicated Transportation. Dkt. 6 at 1. She also seeks an award of attorneys' fees under Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1447(c), claiming that Mattress Firm and DSI lacked an objectively reasonable basis to seek removal. *Id.* at 6–7.

Mattress Firm and DSI respond that they timely removed the action within 30 days of receiving Sampson's statement of damages. Dkt. 8 at 4. They also argue that

Dedicated Transportation was not properly served and that its consent was not required. *Id.* at 5. Additionally, they suggest that Dedicated Transportation is not a proper party because it was dissolved by the Oregon Secretary of State nearly three years before the lawsuit commenced. *Id.* at 6. Finally, they oppose an award of fees, even if the court remands the case. *Id.* at 6–7.

In her reply, Sampson filed an amended affidavit of service, which provides that service was delivered to Dedicated Transportation's registered agent at the correct address. Dkt. 11, Ex. A. Sampson claims that she properly served Dedicated Transportation's registered agent and, therefore, Mattress Firm and DSI required Dedicated Transportation's consent to remove the action. Dkt. 11 at 1–2.

## II. DISCUSSION

Defendants may remove any action filed in state court over which federal district courts have original jurisdiction. 28 U.S.C. § 1441(a). The removal statute is strictly construed against removal jurisdiction. *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998). The strong presumption against removal jurisdiction means that the party asserting federal jurisdiction has the burden of establishing removal is proper. *Id.* Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).

Under 28 U.S.C. § 1446(b), a case may be removed under two different 30-day windows. The first requires a party to file the notice of removal within thirty days of the shorter of the receipt of the initial pleading or summons. 28 U.S.C. § 1446(b)(1). "If no

ground for removal is evident in the initial pleading, the second thirty-day window to remove an action commences when the defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." *Cleveland v. W. Ridge Acad.*, No. 1:14-CV-01825-SKO, 2015 WL 164592, at *3 (E.D. Cal. Jan. 13, 2015) (citing 28 U.S.C. § 1446(b)(3)).

The parties agree that Mattress Firm and DSI could first ascertain that the amount in controversy exceeded $75,000 on May 20, 2022—the date that they received Sampson's statement of damages. Dkt. 6 at 5; Dkt. 8 at 3–4. They subsequently removed the action on June 21, 2022. Dkt. 1. In determining whether the notice of removal was timely filed, the Court "include[s] the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). Here, the last day of the 30-day period was June 19, 2022. However, this was a Sunday. Additionally, Juneteenth—a legal holiday—was recognized on June 20, 2022. Accordingly, Mattress Firm and DSI timely filed the notice of removal on June 21, 2022.

Sampson next asserts that Mattress Firm and DSI removed the action without the consent of Dedicated Transportation. Dkt. 6 at 5. Mattress Firm and DSI contend that they did not require Dedicated Transportation's consent because it was never properly served. Dkt. 8 at 4–6.

Under 28 U.S.C. § 1446(b)(2)(A), "all defendants who have been properly joined and served must join in or consent to the removal of the action." Under this statute, "[t]he issue of the sufficiency of service of process prior to removal is strictly a state law issue."

*Lee v. City of Beaumont*, 12 F.3d 933, 936–37 (9th Cir. 1993), *overruled on other grounds by Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087, 1093 (9th Cir. 2008)). In Washington, "[i]t is the fact of service that confers jurisdiction, not the return, and the latter may be amended to speak truth." *Williams v. S.S. Mut. Underwriting Ass'n*, 45 Wn.2d 209, 227 (1954). Indeed, "where service is other than by publication, '[f]ailure to make proof of service does not affect the validity of service.'" *In re Est. of Palucci*, 61 Wn. App. 412, 416 (1991) (quoting CR 4(g)(7)).

Mattress Firm and DSI assert that Dedicated Transportation was not a party to the lawsuit because Sampson did not deliver service to the correct address. Dkt. 8 at 5. They contend that the registered agent for Dedicated Transportation—United States Corporation Agents, Inc.—was located at 2951 NW Division Street, *Suite 110*, Dkt. 2, Ex. F, and that the affidavit of service states that the delivery occurred at 2951 NW Division Street, *Suite 100*, Dkt. 7, Ex. B. However, the affidavit of service also provides that the process server "delivered the documents to United States Corporation Agents, Inc. with identity confirmed by subject saying yes when named." *Id.* In any event, Sampson attached to her reply brief an amended affidavit of service, which changed the address to reflect that process was served at Suite 110 instead of Suite 100. Dkt. 11, Ex. A. Considering the amended affidavit of service, Mattress Firm and DSI fail to establish that Dedicated Transportation was not served. *See Williams*, 45 Wn.2d at 227.

Accordingly, they removed the action without the consent of all defendants in violation of 28 U.S.C. § 1446(b)(2)(A).[1]

Mattress Firm and DSI also suggest that Dedicated Transportation could not be a party to the lawsuit because it was administratively dissolved by the Oregon Secretary of State in November 2018—approximately three years before this lawsuit commenced. *See* Dkt. 2, Ex. F at 2; Dkt. 8 at 6. However, Oregon law authorizes claims to be filed against dissolved corporations five years after such corporations publish notice of their dissolution. ORS 60.644; *see Sec. & Exch. Comm'n v. Lidingo Holdings, LLC*, No. 17-cv-1600 RSM, 2018 WL 2183999, at *4 (W.D. Wash. May 11, 2018) (applying foreign law to determine whether a dissolved foreign company was timely sued in Washington). Mattress Firm and DSI fail to establish that Sampson did not timely sue Dedicated Transportation. As such, they were required to obtain Dedicated Transportation's consent to remove the action. *See Laccinole v. Recovery Res., LLC*, No. CA 14-455 S, 2015 WL 5675092, at *2 (D.R.I. Sept. 25, 2015) (ruling that a defendant required the consent of a dissolved corporation to remove an action under 28 U.S.C § 1446(b)).

Finally, Sampson requests an award of attorneys' fees pursuant to 28 U.S.C. § 1447(c) and Rule 11. Under § 1447(c), "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005). Additionally, district

---

[1] Mattress Firm and DSI request the Court to "allow [them] to take limited discovery regarding the legal messenger service used to assess whether service to Dedicated Transportation and Mukhin were made." Dkt. 8 at 6 n.1. Because the amended affidavit of service adequately shows that service was properly made, this request is DENIED.

courts have broad discretion to impose sanctions under Rule 11. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 407 (1990). The Court declines to award attorneys' fees on either of these bases.

### III.  ORDER

The Motion to Remand, Dkt. 6, is **GRANTED in part** and **DENIED in part**. The case is **REMANDED** to the Cowlitz County Superior Court. Sampson's request for an award of attorneys' fees is **DENIED**.

IT IS SO ORDERED.

Dated this 28th day of September, 2022.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge